UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:24-cv-22002-ALTONAGA/Reid

AMANDA RAMIREZ and
HANNA PITA, individually and
on behalf of all others similarly situated,   **CLASS ACTION**

    Plaintiffs,   **JURY TRIAL DEMANDED**

v.

SHEIN US SERVICES, LLC,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Plaintiffs Amanda Ramirez and Hanna Pita respond in opposition to Defendant's Motion to Compel Arbitration ("Mot." or "Motion"), [DE 18], and state:

**I.   INTRODUCTION**

Defendant seeks to compel arbitration of Plaintiffs' class action claims on an individual basis pursuant to online forms that did not disclose to Plaintiffs that they were agreeing to arbitration or a class action waiver. As discussed below, courts in this Circuit require specific notice of collateral agreements such the arbitration and class waiver agreements Defendant seeks to enforce before compelling enforcement of such agreements. *See Goldstein v. Fandango Media, LLC*, No. 9:21-cv-80466-RAR, 2021 U.S. Dist. LEXIS 139153, at *10 (S.D. Fla. July 27, 2021); *Johnson v. Whaleco, Inc.*, 2023 U.S. Dist. LEXIS 184104, at *9-10 (M.D. Fla. Oct. 13, 2023); *see also Bell v. Royal Seas Cruises, Inc.*, No. 19-CV-60752-RUIZ/STRAUSS, 2020 U.S. Dist. LEXIS 85273, at *3 (S.D. Fla. May 13, 2020) report and recommendation adopted, No. 9:21-cv-80466-

1

RAR, 2021 U.S. Dist. LEXIS 139153 (S.D. Fla. July 27, 2021) (Ruiz, J.). Accordingly, because Defendant failed to place Plaintiffs on notice of the collateral agreements, this Court should deny the Motion and permit this case to proceed as a class action.

II. ARGUMENT

    A. <u>Legal Standard</u>

"Despite courts' proclivity for enforcement, a party will not be required to arbitrate where it has not agreed to do so." *Fridman v. 1-800 Contacts, Inc.*, No. 21-cv-21700-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 152553, at *4-5 (S.D. Fla. Aug. 12, 2021) (citing *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011) (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960))). "Under federal law, arbitration is a matter of consent, not coercion." *Fridman*, 2021 U.S. Dist. LEXIS 152553, at *5 (quoting *World Rentals & Sales, LLC v. Volvo Constr. Equip. Rents, Inc.*, 517 F.3d 1240, 1244 (11th Cir. 2008)).

"[T]he presumption of arbitrability 'does not apply to disputes concerning whether an agreement to arbitrate has been made.'" *Bell v. Royal Seas Cruises, Inc.*, No. 19-CV-60752-RUIZ/STRAUSS, 2020 U.S. Dist. LEXIS 85273, at *6 (S.D. Fla. May 13, 2020) (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115-16 (11th Cir. 2014))). The Supreme Court recently reiterated this rule and rejected the claim that arbitration is broadly favored over litigation:

> Accordingly, a court must hold a party to its arbitration contract just as the court would to any other kind. But a court may not devise novel rules to favor arbitration over litigation….***The federal policy is about treating arbitration contracts like all others, not about fostering arbitration***.

*Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1710 (2022) (emphasis supplied).

### B. **Florida and North Carolina Law Apply to the Contract Formation Question**

In its Motion, Defendant appears to concede that Florida and North Carolina law apply to the question of contract formation as it relies exclusively on case law from those jurisdictions. *See* Mot. at 13-14. To the extent any question remains, Plaintiffs submit that Florida and North Carolina law apply because that is where they were located when they clicked on Defendant's on-line forms. *See Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1092 (11th Cir. 2004) ("Under Florida's choice-of-law rules, *lex loci contractus* applies in contract matters[.]")*; Valiente v. StockX, Inc.*, 645 F. Supp. 3d 1331, 1337 (S.D. Fla. 2022)("Because there is a threshold issue of whether Plaintiff assented to the Terms, which includes the choice of law clause therein, Florida's law of contract formation applies to first determine the existence of a contract.") (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."))). Moreover, as one district court recently observed, "the law governing formation of Internet contracts in New York, North Carolina, and Florida is materially identical to California's[.]" *Quamina v. JustAnswer LLC*, No. 22-cv-06051-JD, 2024 U.S. Dist. LEXIS 38760 (N.D. Cal. Mar. 5, 2024).

C. **Plaintiffs Were not Placed on Notice of the Arbitration Agreement or Class Waiver Because Defendant's On-Line Forms Fail to Describe and Incorporate Those Collateral Documents**

Defendant contends that Plaintiffs entered into an Arbitration Agreement and a Class Action Waiver provision found within the Arbitration Agreement pursuant to the following three on-line forms:





*See* Mot. at 4-6.

As reflected by the above screenshots, these on-line forms only reference Defendant's "Privacy & Cookie Policy" and "Terms and Conditions" and say nothing about Defendant's Arbitration Agreement and the Class Action Waiver found within the Arbitration Agreement. Contrary to what Defendant will likely argue, the Arbitration Agreement is a collateral document that is referred to as a stand-alone "AGREEMENT TO ARBITRATE" and "ARBITRATION AGREEMENT" in each version of the Terms and Conditions produced by Defendant. *See* Chi Decl., [DE 18-1], at 9-10, 28-33, 50-51, 69-74, 81, 97-98. In other words, the Arbitration Agreement is not a clause within the Terms and Conditions, it is a collateral agreement and labeled as such.

At least two courts in this Circuit have denied motions to compel arbitration based on on-line forms like those here that did not place consumers on notice by describing and incorporating the collateral arbitration agreements within the on-line form. First, in *Goldstein v. Fandango Media, LLC*, the court analyzed whether the following on-line form provided sufficient notice of the defendant's arbitration agreement:



No. 9:21-cv-80466-RAR, 2021 U.S. Dist. LEXIS 139153, at *3 (S.D. Fla. July 27, 2021).

The court ultimately held that it did not, stating in part as follows for its ruling:

> the language used in Fandango's browsewrap agreement is insufficient to place a reasonable user on notice that completing a purchase represents a waiver of the user's right to file a lawsuit compelling Fandango's appearance in court. In Florida, to incorporate a collateral document into an agreement, the agreement must: (1) specifically provide that the collateral document is being incorporated; and (2) sufficiently describe the collateral document being incorporated….Here, Fandango's Arbitration Agreement is a collateral document, but Fandango's notice does not sufficiently describe it so that the user is on notice of the mandatory arbitration provision, nor does Fandango specifically advise the user that an agreement to arbitrate is being incorporated into its Terms and Policies.

2021 U.S. Dist. LEXIS 139153, at *10 (citing *Vitacost.com, Inc. v. Mccants*, 210 So. 3d 761, 762 (Fla. 4th DCA 2017) ("Florida law requires the agreement to specifically provide that the collateral document is being incorporated and to sufficiently describe the collateral document to be incorporated….The seller's webpages failed to advise the plaintiff that his purchase was subject to the terms and conditions of the sale and did not put him on inquiry notice of the arbitration provision.") (citing *Herman v. Seaworld Parks & Entertainment, Inc.*, 2016 U.S. Dist. LEXIS 181173, 2016 WL 7447555 (Fla. M.D. Aug. 26, 2016); *BGT Grp., Inc. v. Tradewinds Engine Servs.*, LLC, 62 So.3d 1192, 1194 (Fla. 4th DCA 2011)).

6

Second, in *Johnson v. Whaleco, Inc.*, Judge Presnell agreed with this requirement and denied a motion to compel arbitration for failure to describe and incorporate the arbitration provision within the online form. 2023 U.S. Dist. LEXIS 184104, at *9-10 (M.D. Fla. Oct. 13, 2023) ("Therefore, Plaintiff was not put on notice to the Agreement with Defendant and cannot be compelled to arbitrate this dispute.") (citing *Vitacost.com, Inc.*, 210 So.3d at 764-65; *Bell v. Royal Seas Cruises, Inc.*, No. 19-CV-60752-RUIZ/STRAUSS, 2020 U.S. Dist. LEXIS 85273, at *7 (S.D. Fla. May 13, 2020) (finding notice sufficient where the statement *included* explicit notice of mandatory arbitration)). Specifically, Judge Presnell found the following on-line form to be deficient:



2023 U.S. Dist. LEXIS 184104, at *2.

In *Bell v. Royal Seas Cruises, Inc.*, consistent with the above cases, the court found the following form to sufficiently disclose the existence of an arbitration agreement because, unlike

7

the forms here, it made specific reference and described the "mandatory arbitration" agreement within the form:

> I understand and agree to email marketing, the Terms & Conditions which includes mandatory arbitration and Privacy Policy.
>
> **Continue »**

No. 19-CV-60752-RUIZ/STRAUSS, 2020 U.S. Dist. LEXIS 85273, at *3 (S.D. Fla. May 13, 2020) report and recommendation adopted, No. 9:21-cv-80466-RAR, 2021 U.S. Dist. LEXIS 139153 (S.D. Fla. July 27, 2021) (Ruiz, J.)

Like the disclosures in *Whaleco* and *Goldstein*, and unlike the form in *Bell*, Defendant's online forms all fail to describe and incorporate the collateral Arbitration Agreement and Class Action Waiver. Indeed, each form refers to Defendant's "Privacy & Cookie Policy" and "Terms and Conditions" but says nothing about the Arbitration Agreement or Class Action Waiver contained within the Arbitration Agreement. The failure to specifically describe and incorporate the collateral Arbitration Agreement and Class Action Waiver means that Plaintiffs were never placed on notice of the agreements – notwithstanding any arguments by Defendant regarding the conspicuousness of the disclosures of its "Privacy & Cookie Policy" and "Terms and Conditions" – and, therefore, the Arbitration Agreement or Class Action Waiver are unenforceable.

Defendant will likely attempt to align its forms and online terms with those of cases where courts have found that specific notice of the collateral arbitration agreement was not required. *See Adams v. Lashify, Inc.*, 689 F. Supp. 3d 1146, at n.6 (M.D. Fla. 2023)*; Derriman v. Mizzen & Main LLC*, No. 8:23-cv-1132-CEH-UAM, 2023 U.S. Dist. LEXIS 230653 (M.D. Fla. Dec. 29, 2023); *Falcon v. Televisaunivision Digit., Inc.*, No. 8:23-cv-02340-TPB-UAM, 2024 U.S. Dist. LEXIS

57331, at *9 (M.D. Fla. Mar. 29, 2024). But, unlike here, each of those cases involved arbitration *clauses* that were part of the terms and conditions, not collateral agreements like the Arbitration Agreement at issue in this case. *See Lashify,* 689 F. Supp. 3d at 1157 (M.D. Fla. 2023) ("Accordingly, Plaintiff is subject to the valid, written Internet Agreement and its ***associated arbitration clause***.") (emphasis supplied); *Derriman*, 2023 U.S. Dist. LEXIS 230653, at *23 (M.D. Fla. Dec. 29, 2023) ("Therefore, Plaintiff had inquiry notice of the Messaging Agreement ***and the arbitration clause within it***.") (emphasis supplied); *Falcon*, 2024 U.S. Dist. LEXIS 57331, at *10 ("Because Plaintiff had inquiry notice of ViX's entire Terms of Use agreement, ***including the arbitration clause***, Defendant's motion to compel arbitration is granted.") (emphasis supplied).

The distinction is significant under the law. If Defendant wanted to bind Plaintiffs to its Arbitration Agreement and Class Action Waiver, it needed to provide notice of those agreements just as it did with its "Privacy & Cookie Policy" and "Terms and Conditions". Defendant's decision to conceal from Plaintiffs the significant agreements to which it attempted to bind Plaintiffs should, respectfully, result in denial of Defendant's Motion.

### III.   CONCLUSION

Defendant's online forms failed to place Plaintiffs on notice of Defendant's Arbitration Agreement and Class Action Waiver by incorporating and describing those collateral agreements. Consequently, Plaintiffs did not agree to Defendant's Arbitration Agreement and Class Action Waiver and the Motion should be denied.

**WHEREFORE**, Plaintiffs respectfully request an Order denying Defendant's Motion and for such other relief deemed appropriate.

Date: August 1, 2024

                                                Respectfully submitted,

                                                **HIRALDO P.A.**

                                                */s/ Manuel S. Hiraldo*
                                                Manuel S. Hiraldo, Esq.
                                                Florida Bar No. 030380
                                                401 E. Las Olas Boulevard
                                                Suite 1400
                                                Ft. Lauderdale, Florida 33301
                                                Email: mhiraldo@hiraldolaw.com